By the Court.
Counsel for plaintiffs in error earnestly insist that the verdict, amounting to $75,-000, was excessive and given under the influence of passion and prejudice; and furthermore that there was prejudicial error in the charge of the court, in that the charge itself was calculated to induce the jury to give way to prejudice, thereby enlarging the amount of the verdict. The plaintiff had suffered the loss of both of his legs, and the case was one in which human sympathy for the plaintiff was naturally unavoidable. Certainly the normal individual juror could not help but entertain feelings of sympathy for the injured plaintiff, but it is quite a different question where the judge himself uses language which is calculated to engender sympathy or to induce an enlarged verdict for that reason. It is one thing for the juror to possess the attribute of sympathy toward his fellowman, but it is quite another for the court, by act.or word, to use expressions exciting the sympathetic tendencies of the individual juror. The case was being submitted, the evidence was all before the jury, counsel on both • sides had made their arguments, and this was the *22 last expression in the case by either court or counsel. If the sympathy of the jury is exhibited in the verdict to such extent as to show passion or prejudice, and excessive damages result therefrom, the law of Ohio makes it the imperative duty of the court to set aside the verdict. (Section 11576, General Code.)
This court would be stultifying itself were the charge of the trial court allowed to pass unchallenged, thus impliedly permitting the trial courts of this state to use language of similar purport in their charges to the jury. The charge contained its own condemnation, as a reading of it will at once disclose. Its genesis may have been produced by the remarks of counsel. However, we are not advised from this record whether that be true or not, but if it were true the language of the court was not calculated to curb the effects of such arguments.
The motion for a new trial should have been sustained because of error on the part of the court in its charge to the jury. In affirming this judgment the court of appeals erred. Therefore, the judgments of the lower courts are reversed and the cause remanded to the common pleas for a new trial.

Judgments reversed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.